1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    TANGIE GREEN,                          CASE NO. 15cv94-LAB (DHB)

12                              Plaintiff,   **ORDER GRANTING IN PART AND**
                                             **DENYING IN PART GREEN'S MOTION**
13         vs.                               **FOR LEAVE TO AMEND**

      COX COMMUNICATIONS, INC. et al.,
14
                              Defendants.
15

16

17         This case arises from Green's former employment with, and discharge from, Cox

18    Communications (Cox).   She has sued Cox and three of its employees alleging that

19    beginning in 2009 they required her to falsely report to AT&T that Cox was using AT&T's

20    network to supply customers with telecommunications services when it was actually

21    supplying both telecommunications and broadband internet. She contends that she refused,

22    and as a result Cox constructively discharged her in 2013.  She has filed a motion for leave

23    to file a proposed third amended complaint.  (Docket no. 19.)  It asserts seven causes of

24    action: (1) wrongful discharge; (2) breach of implied contract; (3) breach of implied covenant

25    of good faith and fair dealing; (4) intentional infliction of emotional distress (IIED); (5)

26    negligent infliction of emotional distress (NIED); (6) retaliation; and (7) equitable relief.  (*Id*.)

27    The fourth, fifth, and  sixth causes of  action  were  added in the proposed third amended

28    / / /

1   complaint, and they're the only causes of action that are asserted against all defendants, not
2   just Cox.  (*Id*.)

3        The defendants oppose Green's motion for leave to file her third amended complaint.
4   (Docket no. 20.)  They argue that she shouldn't be able to amend because: (1) she unduly
5   delayed adding the proposed new claims; (2) her retaliation claim against the individual
6   defendants is not recognized; (3) her retaliation claim against all defendants fails because
7   she doesn't allege a causal link between resignation and protected activity; and (4) her IIED
8   and NIED claims are preempted by California workers compensation provisions.  (*Id.*)

9   **Legal Standard**

10       Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the
11   opposing party's written consent or the court's leave."  Although "court should freely give
12   leave when justice so requires" and the rule should be interpreted with "extreme liberality,"
13   leave to amend is "not to be granted automatically."  *Jackson v. Bank of Hawaii*, 902 F.2d
14   1385, 1387 (9th Cir. 1990).  "Five factors are frequently used to assess the propriety of a
15   motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party,
16   (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint."
17   *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

18       "Futility of amendment can, by itself, justify the denial of a motion for leave to amend."
19   *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  "[T]he test of futility is identical to the
20   one applied when considering challenges under Rule 12(b)(6) for failure to state a claim
21   upon which relief may be granted."  *Vaughan v. California*, 2013 WL 4517294, at *1 (S.D.
22   Cal. Aug. 23, 2013).

23   **Delay**

24       The defendants assert that Green's amendments should be denied because she
25   unduly delayed.  (Docket no. 20 at 4-6.)  They assert that Green's excuse for her delay—that
26   she was waiting for her right to sue notice—is insincere because Green probably received
27   the letter before she filed her first amended complaint.  (*Id*.)  In light of the liberal standard
28   for amendment, the Court won't dismiss Green's amendment for undue delay.

1          **Individual Liability Under California Labor Code Section 1102.5**

2          Green's sixth cause of action asserts that all defendants are liable under California

3   Labor Code § 1102.5(c) because they retaliated against her for refusing to participate in

4   illegal activity. But § 1102.5 doesn't impose individual liability. *Vierria v. California Highway*

5   *Patrol*, 644 F. Supp. 2d 1219, 1244 (E.D. Cal. 2009) (dismissing § 1102.5 individual liability

6   claim that arose before the January 1, 2014 revision to the statute); *Tillery v. Lollis*, 2015 WL

7   4873111, at *9-10 (E.D. Cal. Aug. 13, 2015) (dismissing § 1102.5 individual liability claim that

8   arose after the January 1, 2014 revision to the statute). Green's retaliation claim against the

9   individual defendants is **DISMISSED WITH PREJUDICE**.

10         **Causal Link Between Resignation and Protected Activity**

11         To properly plead a retaliation claim under § 1102.5, a plaintiff must show: (1) she

12  engaged in protected activity; (2) her employer thereafter subjected her to an adverse

13  employment action; and (3) a causal link between the two. *Clemens v. Prot. One, Inc.*, 2010

14  WL 1445173, at *2 (S.D. Cal. Apr. 12, 2010). Green alleges that "beginning on or about July

15  1, 2009," defendants required her to engage in illegal activity; she "eventually refused,"

16  "voiced her beliefs at meetings" and "shared her opinions with other coworkers"; and she

17  was constructively discharged on October 22, 2013. (Docket no. 19-2 at ¶¶ 13, 14, 17, 18.)

18  Green alleges that her vocal refusal was "the substantial and motivating reason[ ] for COX

19  to constructively discharge her," but she doesn't allege any facts to support this conclusory

20  allegation. (*Id*. at ¶ 19.) She doesn't specify who she communicated her objection to. She

21  doesn't specify when she objected. She doesn't allege any facts to support her claim that

22  the termination was related to retaliation, and not something else. Thus, she has failed to

23  satisfy the *Twombly* pleading standard. *See Clemens*, 2010 WL 1445173, at *2; *Johnson*

24  *v. Eckstrom*, 2011 WL 5975039, at *2-3 (N.D. Cal. Nov. 29, 2011). Her retaliation claim

25  against Cox is **DISMISSED WITHOUT PREJUDICE**. If Green thinks she can add factual

26  allegations to adequately allege causation, she may amend her complaint to assert a

27  retaliation claim against Cox. Mindful of Green's numerous prior amendments, this will be

28  her last chance to amend.

1          **California Preemption of NIED and IIED Claims**

2          Generally, employer-based actions causing emotional distress are preempted by

3  California's Workers' Compensation Act, since they are part of the normal risk of

4  employment.  *Tone v. Wal-Mart Stores, Inc*., 2015 WL 4658564, at *2 (S.D. Cal. Aug. 5,

5  2015).  There's two exceptions to this rule: (1) actions contravening fundamental public

6  policy; and (2) actions that exceed the risks inherent in the employment relationship.  *Id*.

7  "[W]here the alleged unlawful conduct occurs at the worksite in the normal course of an

8  employer-employee relationship, worker's compensation is the exclusive remedy for any

9  injury that results "; and "the exception for conduct that 'contravenes fundamental public

10 policy' simply means that a wrongful termination claim is not preempted by the worker's

11 compensation exclusive remedy rule (but the intentional infliction of emotional distress claim

12 is)."  *Smith v. Lowe's Hiw, Inc*., 2014 WL 1419655, at *6 (E.D. Cal. Apr. 14, 2014).

13         At most Green's allegations suggest that she's been criticized and the defendants

14 ignored her complaints.  (Docket no. 19-2 at ¶¶ 31, 33.)  But this conduct is a normal part

15 of the employment relationship.  *See Silva v. Solano Cty*., 2014 WL 5501225, at *4 (E.D.

16 Cal. Oct. 30, 2014) (demotions, criticism, and negotiations of grievances are a normal part

17 of the employment relationship); *Elowson v. Jea Senior Living*, 2015 WL 2455695, at *5

18 (E.D. Cal. May 22, 2015) (retaliation is a part of the employment relationship).  Green labels

19 this conduct as "harassment."  (Docket no. 19-2 at ¶ 29.)  "Where alleged misconduct by an

20 employer is a normal part of the employment relationship," however, "an employee who

21 suffers emotional distress cannot avoid the exclusivity rule by simply characterizing the

22 employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause

23 emotional disturbance resulting in disability."  *Silva*, 2014 WL 5501225, at *4 (internal

24 quotation marks omitted).  Green's emotional distress claims are preempted and therefore

25 they're **DISMISSED WITH PREJUDICE**.

26 / / /

27 / / /

28 / / /

1    **Conclusion**

2        Green's motion for leave to amend is **GRANTED IN PART AND DENIED IN PART**.

3  Green may file an amended complaint that's consistent with the foregoing no later than

4  February 8, 2016.

5        **IT IS SO ORDERED**.

6  DATED:  January 25, 2016

7

8    **HONORABLE LARRY ALAN BURNS**
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15cv94